**In re: Samuel Drew TEMPLE, M.D.**

**No. 06–04–00099–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 14, 2004.

Decided Oct. 15, 2004.

Michael A. Yanof, Paula S. Shiroma–Bender, Stinnett Thiebaud & Remington, LLP, Dallas, for relator.

Linda C. Parrish, Jackson Walker, LLP, Houston, for Albion Guppy and Seleta Guppy.

Douglas R. Lewis, Bishop & Hummert, PC, Dallas, for Robert O. Zimmerman, M.D.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

JOSH R. MORRISS, III, Chief Justice.

Samuel Drew Temple, M.D., has filed a petition for writ of mandamus in which he asks us to order the trial court to vacate its February 20, 2004, ruling denying his motion to dismiss the lawsuit and granting plaintiff an extension of time to file an amended expert report. The issue is the adequacy of the medical expert's report pursuant to former Article 4590i. *See* TEX. REV. CIV. STAT. ANN. art. 4590i, Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884 and recodified at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp.2004–2005). Temple asks this Court to issue a writ of mandamus ordering the trial court to dismiss the plaintiff's claims against relator with prejudice.

Temple and two other doctors were sued by Albion Guppy, based on his allegations that their failures in treatment resulted in serious injury. One of the other doctors, Robert O. Zimmerman, M.D., also filed a petition for writ of mandamus with this Court concerning this same issue—the adequacy of the expert report and the trial court's granting of additional time to correct any shortcomings.

The only procedural distinction between the cases is that Zimmerman's motion was initially granted, and then later was reconsidered by the trial court, while Temple, who filed his motion to dismiss at a later date, had his motion heard for the first time at a combined hearing on the expert report as to all of the doctors involved.

The issues raised in the *Zimmerman* mandamus and in this mandamus are not distinguishable. We have today addressed the issues raised in *In re Robert O. Zimmerman, M.D.*, 148 S.W.3d 214, No. 06–04–00095–CV (Tex.App.—Texarkana 2004). Our opinion in that case disposes of the contentions raised by relator in this opinion. For the reasons stated therein, we likewise deny this petition.